UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CONNIE STEELE, as Mother and Next of    PLAINTIFF
Kin of Phillip T. Cameron, Deceased

vs.    CASE NO. 3:06-CV-00159

GRAHAM L. CROOK, HERTZ RENTAL
CAR LLC, HERTZ CORPORATION and
AMERICAN FAMILY INSURANCE, as
Uninsured Motorist Carrier    DEFENDANTS

## ORDER

Before the Court is Defendant American Family Insurance's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded to the motion.

This is a personal injury action in which Plaintiff Connie Steele, as the mother of the decedent Phillip Cameron, seeks to recover money damages for Mr. Cameron's death. Mr. Cameron was struck by a vehicle operated by Defendant Graham Crook. Mr. Cameron died of his injuries. Defendant Hertz is alleged to have rented the vehicle operated by Mr. Crook. The Amended Complaint contends that American Family Insurance is the uninsured motorist carrier for the Plaintiff. However, there are no other allegations or statements in the Amended Complaint regarding American Family Insurance, there is no reference to a policy of insurance, no reference to a claim number, and no copy of any insurance policy. The only mention of American Family Insurance is contained in paragraph 8 of the Amended Complaint. That one sentence states: "That the Defendant, American Family Insurance, is the Uninsured Motorist [sic] for the Plaintiff, Connie Steel, and can be reached by this Court at P.O. Box 7093, Indianapolis,

1

Indiana."

Plaintiff's claims may be dismissed pursuant to a Rule 12(b)(6) motion "only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 916 (8th Cir.2001)(internal quotations and citations omitted). However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal. *See Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir.1999).

The Court finds that Plaintiff's Amended Complaint is too vague to permit American Family to prepare a responsive pleading, but concludes that the better remedy for the deficiency is to require Plaintiff to file a more definite statement of the facts giving rise to any claim against American Family Insurance.

Accordingly,

IT IS THEREFORE ORDERED that Defendant American Family Insurance's Motion to Dismiss (Docket No. 5) be, and it is hereby, treated as a Motion for More Definite Statement and GRANTED. Plaintiff shall file a Second Amended Complaint containing a more definite statement of the basis for liability alleged against American Family Insurance, including a copy of any policy alleged to provide a basis for relief not later than **June 15, 2007**. Plaintiff is further placed on notice that if she fails to comply with the Court's directive, her claims against American Family Insurance will be dismissed.

IT IS SO ORDERED this 1st day of June, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

2