UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CONNIE STEELE, as Mother and Next of**                                **PLAINTIFF**
Kin of Phillip T. Cameron, Deceased

vs.                          CASE NO.  3:06-CV-00159

**GRAHAM L. CROOK, HERTZ RENTAL
CAR LLC, HERTZ CORPORATION and
AMERICAN FAMILY INSURANCE, as**
Uninsured Motorist Carrier                                              **DEFENDANTS**

**ORDER**

Before the Court is Defendant American Family Insurance's Supplemental Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed on June 22, 2007.  On July 27, 2002, after failing to timely respond to the motion, Plaintiff filed a motion seeking additional time to respond.  Simultaneously therewith, Plaintiff filed his proposed response opposing the dismissal of his claim against American Family Insurance ("American").

The Court will exercise its discretion to permit Plaintiff to file an untimely response to American's supplemental motion to dismiss.  Plaintiff's counsel is hereby placed on notice, however, of his duty to respond to motions in a timely fashion.

This is a personal injury action in which Plaintiff Connie Steele, as the mother of the decedent Phillip Cameron, seeks to recover money damages for Mr. Cameron's death.  Mr. Cameron was struck by a vehicle operated by Defendant Graham Crook, which had been rented to Mr. Crook by one of the Hertz Defendants.  At the time of the accident, Mr. Cameron had been standing in a ditch after exiting a 2003 Dodge Neon in which he had been traveling as a

1

passenger.  Mr. Crook is alleged to have been operating his vehicle negligently, as a result of which he slid out of control on the ice, ran off the roadway, and struck the vehicle in which Phillip Cameron had been traveling, causing said vehicle to strike Mr. Cameron.  Mr. Cameron died of his injuries.

American previously moved for a dismissal contending that Plaintiff's Complaint, which stated only that American "is an uninsured motorist carrier for the Plaintiff" was insufficient to state a claim upon which relief could be granted.  The Court treated the motion as a motion for more definite statement, and directed Plaintiff to file a Second Amended Complaint "containing a more definite statement of the basis for liability alleged against American Family Insurance, including a copy of any policy alleged to provide a basis for relief. . ."[1]

On July 14, Plaintiff filed its Second Amended Complaint.  Therein, Plaintiff contends that American is the underinsured, rather than the uninsured, motorist carrier for the Plaintiff.  No policy is attached to the Second Amended Complaint.  However, Plaintiff identifies the policy in question by policy number and coverage date.  Additionally, Plaintiff has attached a letter written on American's behalf which Plaintiff contends is an acknowledgment of the "existence of this coverage and claim."[2]  The letter states in relevant part:

> As we discussed, American Family Mutual Insurance Company of Wisconsin will need confirmation from the primary underinsured motorist carrier, Geico, that they have paid their underinsured motorist liability limit benefits. . . .
> We have previously provided you with a copy of our insured's [Connie Steele's] underinsured motorist endorsement.  Our undersinsured motorist coverage is excess over Geico's

---

[1] (Court's Order filed June 1, 2007, (Doc. # 13), at p. 2).

[2] (Second Amended Complaint at p. 3, ¶ 8).

>> underinsured motorist coverage. Once we have documentation Geico has paid their limits under the underinsured motorist coverage, we will give consideration to your claim for benefits under our insured's underinsured motorist coverage.

(Letter dated February 3, 2006, from Phillip Risk, claim examiner for American, Exh. A to Second Amended Complaint).

## LEGAL STANDARD

Plaintiff's claims may be dismissed pursuant to a Rule 12(b)(6) motion "only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 916 (8th Cir.2001)(internal quotations and citations omitted). However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal. *See Briehl v. Gen. Motors Corp.,* 172 F.3d 623, 627 (8th Cir.1999).

## DISCUSSION

The Court finds that Plaintiff's Second Amended Complaint, while cryptic, is sufficient to provide American with sufficient notice of the claim for underinsured motorist benefits. The Court will excuse Plaintiff's failure to attach a copy of the policy because she has identified same by policy number, date of issuance, and has also attached a letter containing an acknowledgment by American that it provided a policy of coverage containing such coverage to Plaintiff.

The Court notes that American's brief in support of its original motion to dismiss recites that Plaintiff "failed to properly name this Defendant [American] in her Amended Complaint." American claims that Plaintiff has failed to name it properly, but it does not reveal its proper

name.  In the letter attached to Plaintiff's Second Amended Complaint, American is identified both as "American Family Insurance" and "American Family Insurance Group."   The Court will entertain a Motion to Substitute by either Plaintiff or Defendant American.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's First Motion for Extension of Time (Docket No. 23) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant American Family Insurance's Supplemental Motion to Dismiss (Docket No. 17) be, and it is hereby, DENIED.

IT IS SO ORDERED this  3rd   day of August, 2007.


 /s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE